THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| **ALFRED V.,**  <br><br>　　**Plaintiff,**  <br><br>v.  <br><br>**MARTIN J. O'MALLEY,**[1]  <br>**Commissioner of Social Security,**  <br><br>　　**Defendant.** | **MEMORANDUM DECISION AND ORDER**  <br><br><br>**Case No. 2:23-cv-00885-JCB**  <br><br>**Magistrate Judge Jared C. Bennett** |

Under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, all parties have consented to Judge Jared C. Bennett conducting all proceedings in this case, including entry of final judgment.[2] Before the court is Plaintiff Alfred V.'s ("Plaintiff") appeal of Commissioner of Social Security Martin J. O'Malley's ("Commissioner") final decision determining that Plaintiff was not entitled to Disability Insurance Benefits ("DIB") under Title II of the Social Security Act[3] and Supplemental Security Income ("SSI") under Title XVI of the Social Security Act.[4] After careful consideration of the written briefs and the complete record, the court concludes that oral

---

[1] Martin J. O'Malley is now the Commissioner of Social Security. Under Fed. R. Civ. P. 25(d), he has been substituted for Acting Commissioner of Social Security Kilolo Kijakazi as the Defendant in this case. ECF No. 15.

[2] ECF No. 14.

[3] 42 U.S.C. §§ 401-434.

[4] *Id*. §§ 1381-1383f.

argument is not necessary. Based upon the analysis set forth below, Plaintiff's arguments on appeal fail. Therefore, the court affirms the Commissioner's decision.

## PROCEDURAL BACKGROUND

Plaintiff alleges disability due to various physical and mental impairments. Plaintiff applied for DIB in November 2020[5] and applied for SSI in February 2021.[6] Plaintiff's applications were denied initially[7] and upon reconsideration.[8] Plaintiff later appeared with counsel for a hearing before an Administrative Law Judge ("ALJ"),[9] who issued a written decision denying Plaintiff's claims for DIB and SSI.[10] Plaintiff appealed the adverse ruling, and the Appeals Council denied his appeal,[11] which made the ALJ's decision final for purposes of judicial review.[12] Thereafter, Plaintiff filed a complaint in this court seeking review of the Commissioner's final decision.[13]

## STANDARD OF REVIEW

This court "review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal

---

[5] AR 931-35.
[6] AR 936-45.
[7] AR 769; AR 790.
[8] AR 791; AR 812.
[9] AR 310-74.
[10] AR 267-90.
[11] AR 17-23.
[12] 42 U.S.C. §§ 405(g), 1383(c)(3); 20 C.F.R. §§ 404.981, 416.1481.
[13] ECF No. 5.

standards were applied."[14] The Commissioner's findings, "if supported by substantial evidence, shall be conclusive."[15] "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance."[16] "In reviewing the ALJ's decision, [this court may] neither reweigh the evidence nor substitute [its] judgment for that of the [ALJ]."[17] "The [f]ailure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed [are] grounds for reversal."[18]

The aforementioned standards apply to the Commissioner's five-step evaluation process for determining whether a claimant is disabled.[19] If the ALJ can determine at any one of the steps that a claimant is or is not disabled, the ALJ need analyze the subsequent steps.[20]

> Step one determines whether the claimant is presently engaged in substantial gainful activity. If [the claimant] is, disability benefits are denied. If [the claimant] is not, the decision maker must proceed to step two: determining whether the claimant has a medically severe impairment or combination of impairments. . . . If the claimant is unable to show that his impairments would have more than a minimal effect on his ability to do basic work activities, he is not eligible for disability benefits. If, on the other hand, the claimant

---

[14] *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quotations and citation omitted).

[15] 42 U.S.C. § 405(g).

[16] *Lax*, 489 F.3d at 1084 (quotations and citation omitted).

[17] *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006) (quotations and citation omitted).

[18] *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (first alteration in original) (quotations and citation omitted).

[19] 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v); *see also Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (discussing the five-step process).

[20] 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *see also Williams*, 844 F.2d at 750.

presents medical evidence and makes the *de minimis* showing of medical severity, the decision maker proceeds to step three.[21]

At step three, the claimant must show that his or her impairments meet or equal one of several listed impairments that are "severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience."[22] "If the impairment is listed and thus conclusively presumed to be disabling, the claimant is entitled to benefits. If not, the evaluation proceeds to the fourth step . . . ."[23] Before considering step four, however, the ALJ must determine the claimant's residual functional capacity ("RFC").[24] An individual's RFC is his greatest ability to do physical and mental work activities on a regular and continuing basis despite limitations from his impairments.[25] In making this determination, the ALJ must consider all of the claimant's impairments, including impairments that are not severe.[26]

For the fourth step, the claimant must show, given his RFC, that his impairments prevent the performance of his "past relevant work."[27] "If the claimant is able to perform his previous

---

[21] *Williams*, 844 F.2d at 750-51 (quotations and citation omitted); *see also* 20 C.F.R. §§ 404.1520(a)(4)(i)-(ii), 416.920(a)(4)(i)-(ii).

[22] 20 C.F.R. §§ 404.1525(a), 416.925(a); *see also id*. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).

[23] *Williams*, 844 F.2d at 751.

[24] 20 C.F.R. §§ 404.1520(a)(4), (e), 416.920(a)(4), (e).

[25] *Id*. §§ 404.1545(a)(1), (b)-(c), 416.945(a)(1), (b)-(c).

[26] *Id*. §§ 404.1545(a)(2), 416.945(a)(2).

[27] *Id*. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

work, he is not disabled."[28] If, however, the claimant is not able to perform his previous work, he "has met his burden of proof, establishing a prima facie case of disability."[29]

From here, "[t]he evaluation process . . . proceeds to the fifth and final step," where the burden of proof shifts to the Commissioner.[30] The decision maker must determine "whether the claimant has the [RFC] to perform other work in the national economy in view of his age, education, and work experience."[31] If it is determined that the claimant "can make an adjustment to other work," he is not disabled.[32] If, on the other hand, it is determined that the claimant "cannot make an adjustment to other work," he is disabled and entitled to benefits.[33]

## ANALYSIS

### I. Any Error by the ALJ is Harmless Because Plaintiff Can Perform His Past Relevant Work as a Telephone Representative.

The ALJ appropriately determined that Plaintiff is not disabled because Plaintiff can perform his past relevant work as a telephone representative. A claimant is not disabled if he has the RFC to do past relevant work.[34] A claimant can do past relevant work if, among other reasons, he can perform "[t]he actual functional demands and job duties of a particular past

---

[28] *Williams*, 844 F.2d at 751.

[29] *Id.*

[30] *Id.*

[31] *Id.* (quotations and citation omitted); *see also* 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

[32] 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

[33] *Id.* §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

[34] *Williams*, 844 F.2d at 751.

relevant job."[35] "Therefore, [the] claimant bears the burden of proving his inability to return to his particular former job and to his former occupation as that occupation is generally performed throughout the national economy."[36] For jobs listed in the Dictionary of Occupational Titles ("DOT"), the DOT descriptions may be relied upon "to define the job as it is *usually* performed in the national economy."[37] The ALJ need not consider whether the past relevant work exists in significant numbers in the national economy.[38]

     Here, in formulating the RFC, the ALJ concluded that Plaintiff could perform "a reduced range of light work" as defined 20 C.F.R. §§ 404.1567(b) and 416.967(b), including the ability to lift/carry 20 pounds occasionally and 10 pounds frequently, further limited by an ability to only stand and/or walk for 4 hours total in an 8-hour workday.[39] The ALJ found that Plaintiff did not prove the use of a walker was medically necessary, and as a result, the ALJ did not include the need for an assistive device in Plaintiff's RFC.[40] At step four, the ALJ found this RFC would allow Plaintiff to perform his past relevant work as a telephone representative, cashier, and flagger.[41] Therefore, the ALJ concluded that Plaintiff was not disabled.[42]

---

[35] SSR 82-61, 1982 WL 31387, at *2; *see also Andrade v. Sec'y of Health & Human Servs.*, 985 F.2d 1045, 1050-51 (10th Cir. 1993).

[36] *Andrade*, 985 F.2d at 1051.

[37] SSR 82-61, 1982 WL 31387, at *2 (emphasis in original).

[38] *See, e.g.*, *Barnhart v. Thomas*, 540 U.S. 20, 25-30 (2003).

[39] AR 276.

[40] AR 274; AR 277-78.

[41] AR 282; *see also* AR 362-63 (vocational expert ("VE") testimony).

[42] AR 283-84.

Nevertheless, Plaintiff asks the court to conclude that the ALJ erred in her analysis regarding Plaintiff's medical need for a walker by picking and choosing among the evidence and failing to consider the opinion of Michelle Ballard, DNP.[43] Plaintiff argues that, if the ALJ had properly considered the evidence, the ALJ would have concluded Plaintiff's walker was medically necessary, which would have impacted Plaintiff's RFC and precluded all of Plaintiff's past relevant work.[44] Plaintiff argues that the ALJ additionally erred because the limitation of standing and/or walking for 4 hours per day would place the RFC at a sedentary exertion level, rather than a modified light exertion level.[45] All of this, Plaintiff contends, constitutes reversible error because only Plaintiff's prior jobs as a telephone representative and flagger qualified as sedentary at step four and, further, that Plaintiff's use of a walker would preclude even the telephone representative job.[46]

Even if the court assumes without deciding that the ALJ erred in her determination that Plaintiff lacked a medical need for a walker and erred in applying light duty occupations at step four, these alleged errors are harmless because they did not affect the outcome. A "harmless error" is a mistake that neither exercises a substantial influence on the outcome of the action nor causes the court "grave doubt" as to whether the error had such an effect.[47] In the administrative

---

[43] ECF No. 23 at 18-31.

[44] *Id.* at 18.

[45] ECF No. 23 at 13.

[46] *Id.* at 13-18.

[47] *Poppa v. Astrue*, 569 F.3d 1167, 1172 (10th Cir. 2009) (concluding that the ALJ's incorrect reference for the dates of the claimant's surgeries "was a mere scrivener's error and did not affect the outcome of the case"); *cf. United States v. Collins*, 575 F.3d 1069, 1073 (10th Cir. 2009) ("A harmless error is one that does not have a substantial influence on the outcome of the trial; nor

review context, an error is only harmless when the court can "confidently say that no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way."[48]

      Here, Plaintiff's past work as a telephone representative does not require standing or walking more than four hours in a workday[49] and can be performed with or without a walker. Plaintiff argues that the need to carry anything outside of his workstation with the use of a walker would likely preclude the telephone representative job.[50] However, this is not what the VE testified and the ALJ adopted. The VE stated that a hypothetical claimant with a walker would likely require assistance moving things in and out of their workspace but never said this fact precluded the hypothetical claimant from performing the telephone representative job.[51] Plaintiff cannot show, and this court cannot find, record evidence to the contrary. Therefore, substantial evidence shows that telephone representative is at least one prior sedentary job Plaintiff can perform. The court is confident that no reasonable factfinder, following the correct analysis, could have resolved this matter any other way. As such, any error made by the ALJ is harmless and reversal is unwarranted.

---

does it leave one in grave doubt as to whether it had such effect." (citations and quotations omitted)).

[48] *Fischer–Ross v. Barnhart*, 431 F.3d 729, 733-34 (10th Cir. 2005); *see also Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004) (same).

[49] SSR 83-10, 1983 WL 31251, at *5 ("Since being on one's feet is required 'occasionally' at the sedentary level of exertion, periods of standing or walking should generally total no more than about 2 hours of an 8-hour workday[.]").

[50] ECF No. 23 at 17.

[51] AR 368-69.

**CONCLUSION AND ORDER**

As demonstrated above, Plaintiff's arguments on appeal fail. Therefore, IT IS HEREBY ORDERED that the Commissioner's decision in this case is AFFIRMED.

IT IS SO ORDERED.

DATED this 10th day of October 2024.

BY THE COURT:

_____
JARED C. BENNETT
United States Magistrate Judge
